IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JIMMIE E. SMALL, | ) |
| Plaintiff, | ) |
| v. | ) No. 10-CV-1415 |
| WW LODGING, INC., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant WW Lodging, Inc.'s (WW Lodging) Motion to Dismiss (d/e 53) (Motion). WW Lodging moves to dismiss Plaintiff's First Amended Complaint & First Incorporated Schedule of Damages (d/e 52) (Amended Compliant). For the reasons set forth below, the Court recommends that the Motion should be allowed.

Plaintiff Jimmie Small alleges that his former employer WW Lodging terminated his employment at a Travelodge located in Quincy, Illinois, on April 11, 1996. Amended Complaint ¶¶ 16, 44. Small alleges that WW Lodging discriminated against him in his employment because he was white and over forty years old. Id. ¶¶ 45-46, 50-51. Small also alleges that WW Lodging retaliated against him and harassed him because he opposed

improper behavior by other employees and reported improper, criminal conduct by WW Lodging.  Id. ¶ 28.  Small also alleges that WW Lodging improperly listed him as an contractor rather than an employee and did not pay him all of his wages in February 1996.  Id. ¶¶ 29-30, 56.

Small alleges that in approximately July 1998, he and WW Lodging entered into a Lump Sum Settlement Contact (Agreement).  Small alleges that the parties entered into the Agreement in an administrative proceeding before the Illinois Industrial Commission.  Id. ¶ 7.  Small alleges that WW Lodging breached the Agreement by disclosing confidential employee information in a state court proceeding in Adams County, Illinois, Case No.  02-L-14.  Id. ¶ 10.  Small alleges that he was damaged by this disclosure of information.  Id. ¶ 12.

In 1999 and 2010, Small filed charges of discrimination against WW Lodging with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights.  Charges of Discrimination dated January 22, 2010, and December 22, 1999 (d/e 2).[1]  Small previously filed suit based on his 1999 discrimination charge.  Small v. WW Lodging, Inc., d/b/a Quincy Travelodge, et al., Case No. 03-3166.  This Court dismissed the case and the dismissal was affirmed on appeal in an unpublished

---

[1] The Court may also consider the 2010 charge of discrimination because it is referenced in the Amended Complaint and is central to the claim.  188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002).

opinion. Small v. WW Lodging, Inc., 106 Fed.Appx. 505, 2004 WL 1729848 (7th Cir. July 30, 2004).

On April 6, 2010, the EEOC issued a right-to-sue letter based on the 2010 charge of discrimination. Complaint (d/e 1), attached Notice of Suit Rights. Small filed this action on July 7, 2010. Small alleges age discrimination and race discrimination under the Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act (ADEA). Amended Complaint, Counts VI and VII; 29 U.S.C. § 621 et seq. and 42 U.S.C. § 2000e et seq. He also alleges violations of the Vietnam Era Veterans' Readjustment Assistance Act, he refers to matters governed by the Fair Labor Standards Act (FLSA), and he mentions the Employee Retirement Income Security Act (ERISA). Amended Complaint, Count VIII; 29 U.S.C. §§ 201 et seq., and 1001 et seq.; 38 U.S.C. § 4212. Small also alleges state law claims for breach of contract, breach of covenant of good faith, breach of fiduciary duty, promissory estoppel, and retaliatory discharge. Amended Complaint, Counts I, II, III, IV, and V. Small also alleges violations of a number of state statutes. See e.g., Amended Complaint, Count VIII ¶¶ 55, 57.

Small alleges that this Court has federal question jurisdiction over this matter. Amended Complaint ¶ 5(b). Small alludes to diversity jurisdiction, but never alleges the necessary facts to establish diversity jurisdiction.

He does not allege the amount in controversy and he does not allege WW Lodging's principal place of business. See Id. ¶ 5(h); 28 U.S.C. § 1332(c)(1); Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 676 (7th Cir. 2006). The Court, therefore, treats the federal claims as being brought under federal question jurisdiction and the state law claims as being brought under supplemental jurisdiction. See 28 U.S.C. § 1367.

ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). The Court may also consider documents referenced in a complaint and is central to the claim. 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face if it

provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).  In this case, the allegations demonstrate that Small's federal claims should be dismissed.

Small's Title VII and ADEA claims are barred by the relevant statutes of limitations.  Title VII requires plaintiffs to file charges of discrimination with the EEOC before filing suit.  A plaintiff must then receive authorization from the EEOC to file a civil action under Title VII (called a right to sue letter), and then file suit within the next 90 days.  42 U.S.C. §2000e-5(f).  The ADEA also requires filing a charge of discrimination with the EEOC.  29 U.S.C. §§ 626(d), 633(b).  Under both Title VII and the ADEA, a plaintiff may only assert claims for wrongful acts that occurred within 300 days of the date that he filed his charge of discrimination.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110-11 (2002). See 42 U.S.C. §2000e(5)(e), 29 U.S.C. § 633(b) (time frame is 300 days because Illinois has a state agency, the Illinois Department of Human Rights, that provides similar protections).  Under certain circumstances, hostile work

environment claims may be based on actions that occurred more than 300 days prior to the date that the charge of discrimination was filed. Morgan, 536 U.S. at 115-16.

In this case, Small was fired in 1996, but did not file the relevant charge of discrimination until 2010. The alleged wrongful conduct, thus, occurred more than 300 days before the date of the filing of the charge. The claims are barred by the statute of limitations.

Small argues that the continuing violation doctrine should apply to toll the statutes of limitations. The continuing violation doctrine does not apply to discrete violations of the employment discrimination statutes. Morgan, 536 U.S. at 113-14. Hostile work environment claims may sometimes be based on events that occurred more than 300 days before the filing of the charge; however, Small does not allege a hostile work environment claim.[2] Id. at 115-16. Small's Title VII claims and ADEA claims are barred by the statutes of limitations.

Small also seems to be raising a claim under the FLSA. Small alleges that WW Lodging listed him as a contractor rather than an employee. See e.g., Amended Complaint, ¶ 56. Small alleges that action violates FLSA, 29 U.S.C. § 215. Id. Small also alleges non-payment of

---

[2]Small does not allege that applied for employment within 300 days of the filing of the 2010 charge of discrimination. His employment claims are based on the events that occurred during his employment before his termination in1996.

wages in February 1996.  <u>Amended Complaint</u>, ¶¶ 29-30.  Matters concerning unpaid wages and compensation are governed at the federal level by the FLSA.  Claims under the FLSA are subject to either a two-year or three-year statute of limitations depending on whether the violation was willful.  29 U.S.C. §§ 216(b); 255(a).  Again, Small's employment ended in 1996 and he brought this action in 2010, far more than three years later.  The claims are barred by the statute of limitations.

The Vietnam Era Veterans' Readjustment Assistance Act requires federal contractors to give a preference to veterans in hiring and provides for treatment of disabled veterans by such federal contractors.  38 U.S.C. § 4212.  Small does not allege that WW Lodging is a federal contractor subject to the provisions of this Act.  Small therefore fails to state a claim under this Act.

Small alludes to ERISA in several places, but never asserts a claim under ERISA.  Congress enacted ERISA to protect employee benefits plans.  29 U.S.C. § 1101.  Congress authorized certain specific remedies for plan participants and beneficiaries.  ERISA § 502, 29 U.S.C. § 1132; <u>see</u> <u>Buckley Dement, Inc. v. Travelers Plan Administrators of Illinois, Inc.</u>, 39 F.3d 784, 789-90 (7th Cir. 1994) (Congress enacted specific detailed enforcement scheme and remedies and did not intend to authorize other remedies).  Congress authorized a participant or beneficiary of a plan to

bring a claim to secure disclosure of plan information, to secure unpaid benefits, to enforce rights under the plan, and to clarify rights to future benefits. 29 U.S.C. § 1132(a)(1). Congress also authorized participants and beneficiaries to secure equitable relief against a plan fiduciary for breach of fiduciary duty. 29 U.S.C. § 1132(a)(3).

Small does not alleges any of these ERISA claims. Small does not allege the existence of an ERISA qualified pension or benefit plan. He does not allege that he was a participant or beneficiary under a plan. He does not allege any other elements of any of these allowed ERISA claims. He does not state an ERISA claim.

Small's federal claims should be dismissed. The Court should decline to exercise supplemental jurisdiction over the state law claims because the federal claims should be dismissed. 28 U.S.C. § 1367(c)(3); Van Harken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997).

WHEREFORE this Court recommends that Defendant WW Lodging, Inc.'s Motion to Dismiss (d/e 53) should be ALLOWED. The federal claims in Counts VI, VII, and VIII of the Amended Complaint should be dismissed with prejudice and the state law claims should dismissed for lack of jurisdiction.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within

fourteen days after service of copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: January 25, 2012

           *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE