E-FILED
Friday, 16 March, 2012 03:59:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE E. SMALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1415 |
| | ) |
| WW LODGING, INC., | ) |
| d/b/a Quincy Travelodge #162, | ) |
| and DREW ERWIN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Magistrate Judge Byron Cudmore's Report and Recommendation [#59]. Therein, the Magistrate Judge recommends that Defendant WW Lodging, Inc., d/b/a Quincy Travelodge #162's ("WW Lodging" or "Defendant") Motion to Dismiss [#53] be allowed. Specifically, the Magistrate Judge recommends that the federal claims in Counts VI, VII, and VIII of the Amended Complaint be dismissed with prejudice and the state law claims be dismissed for lack of jurisdiction.

On March 5, 2012, Plaintiff Jimmie Small ("Small") filed his objection to the Magistrate Judge's Report and Recommendation. See Objection [#62]. Small's filing is difficult to comprehend because he cites to numerous cases but fails to coherently apply the cases to the instant matter. Ultimately, he summarizes his objections as follows:

> The short limitation period referred to in the recommendation for dismissal, appears inappropriate to bar Small's 1981 Race discrimination federal claims which are not dependent on Title VII; ADEA or employee-employer relationship. That the 2010 EEOC Right to Sue NOTICE and Hon. J Wolle Order as to Diversity jurisdiction may not be collaterally attacked by Defendant or Magistrate recommendation, lacking findings , power or judicial authority to do so.[1]

---

[1] The quotation is in the form as it appears in the original filing.

See Objection, p. 22-23. Small argues that the Court should reject the Magistrate Judge's Order insofar as this Court should permit him to correct the deficiencies in his Amended Complaint.

For reasons stated herein, this Court ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Report and Recommendation [#59]. Defendant's Motion to Dismiss is GRANTED. Plaintiff's federal claims contained in Counts VI, VII, and VIII are DISMISSED WITH PREJUDICE. Counts I, II, III, IV, and V are DISMISSED WITHOUT PREJUDICE. Small is given leave to file a second amended complaint that complies with this Order.

## **Background**

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. While the Amended Complaint is far from clear, the Magistrate Judge did a formidable job in identifying Small's claims. In sum, Small filed an eight count Amended Complaint including State law counts of breach of contract, breach of covenant of good faith, breach of fiduciary duty, promissory estoppel, and retaliatory discharge. Small further attempted to bring claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), Age Discrimination in Employment Act ("ADEA"), Vietnam Era Veterans' Readjustment Assistance Act ("VEVRAA"), Fair Labor Standards Act ("FLSA"), and Employee Retirement Income Security Act ("ERISA").

It is important to note that the Magistrate Judge concluded that although Small alluded to diversity jurisdiction in his Amended Complaint, he failed to allege the necessary facts to establish jurisdiction on that basis. As such, the Magistrate Judge treated the federal claims as being brought under federal question jurisdiction and the state law claims as being brought under supplemental jurisdiction. See Report and Recommendation [#59], p 3-4.

**Standard of Review**

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Motion to Dismiss

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiffs to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993). In the instant matter, the Court recognizes that Plaintiff is pro se and in reviewing his complaint the Court should hold it "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Discussion**

The Court agrees with the Magistrate Judge that Small's Title VII and ADEA claims are barred by the applicable statutes of limitations. According to his Amended Complaint, Small's employment with the Defendant was terminated in 1996. See Amended Complaint [#52], p. 4,

9, 12, 13, and 16. Small filed his charges of discrimination in 1999 and 2010. See Illinois Department of Human Rights Charge [#2]; see also Complaint [#1], p. 12.[2]

As a prerequisite to filing a complaint in federal court, a party alleging a violation under Title VII or the ADEA must first file a charge of discrimination with the EEOC. The charge of discrimination must be filed within 300 days of the alleged wrongful act. See Galloway v. General Motors Service Parts Operation, 78 F.3d 1164, 1166 (7th Cir. 1996), Chakonas v. City of Chicago, 42 F.3d 1132 (7th Cir. 1994); see also, National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110-11 (2002); 42 U.S.C. §2000e(5)(e), and 29 U.S.C. § 633(b). Small argues that the continuing violation doctrine should apply to toll the statutes of limitations. However, the Magistrate Judge correctly found that the continuing violation doctrine does not apply to discrete violations such as the one Small has alleged. Indeed, Count VI is based on the fact that after Small was terminated, his position was filled with a younger male person. See Amended Complaint, ¶ 44. Count VII is based on the fact that he did not receive the same salary or wages as other employees during his employment. See Amended Complaint, ¶50. More importantly, Small's employment ended with the Defendant almost fifteen years prior to his 2010 charge of discrimination. As such, the Court adopts the Magistrate Judge's recommendation that these Counts be DISMISSED WITH PREJUDICE.

The Magistrate Judge identified several references to federal law in Count VIII, including the FLSA, VEVRAA and ERISA. With respect to the FLSA, Small alleges that the Defendant intentionally and knowingly misclassified his employment status. The Magistrate Judge identified the applicable statute of limitations related to FLSA claims. Claims under the FLSA are subject to either a two-year or three-year statute of limitations depending on whether the

---

[2] The Magistrate Judge correctly noted that the 2010 charge of discrimination can be considered because Small referenced it in his Amended Complaint and is central to his claim. See 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002).

violation was willful. 29 U.S.C. §§ 216(b); 255(a).  Small's employment ended in 1996 and as a result, his claim under the FLSA is barred.  This claim is DISMISSED WITH PREJUDICE.

The Magistrate further found that Small has failed to state a claim under VEVRAA and ERISA.  Small's VEVRAA claim is based on his alleged wrongful termination that occurred in 1996.  See Amended Complaint, ¶ 66.  However, the statute requires federal contractors and subcontractors to take certain action with respect to the employment and advancement of veterans and prohibits discrimination against such veterans.  See 38 U.S.C. § 4212.  Small has failed to allege any of the essential elements to demonstrate the Defendant is a covered contractor.  Furthermore, if there was a violation of this Act, the appropriate course of action is to file a complaint with the Office of Federal Contract Compliance Programs.  See 38 U.S.C. § 4212(b).  As a result, this claim is DISMISSED WITH PREJUDICE.

Likewise, Small's ERISA claim is void of any violation on the part of the Defendant and he has failed to state a claim.  The Magistrate Judge points out that Small mentions ERISA in several places, but does not allege any facts that would establish a claim.  Because Small has failed to allege any facts that would give rise to an ERISA claim, this claim is DISMISSED WITH PREJUDICE.

Because the Court adopts the Magistrate Judge's recommendation that all of the federal claims be dismissed with prejudice, the Court must now determine the fate of the State law claims.  The Magistrate Judge recommends that this Court should decline to exercise supplemental jurisdiction over the state law claims because the federal claims have all been dismissed.  See Van Harken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997).  The Court would agree absent Small's protest in his Objection that this Court also has jurisdiction based on diversity.  As such, the Court will allow Small an opportunity to file a second amended

complaint that establishes that this Court has jurisdiction over his State law claims. Because the Court is venturing into an area the Magistrate Judge did not explore, further analysis of Small's State Court claims is necessary.

It should be noted that none of the State law claims would survive a Rule 8 challenge. Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction, and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The clearest indication of Small's claims comes from the count caption. Thereafter, Small's Amended Complaint fails to alleged facts that would establish the requisite elements of the various claims. Because it is undecided whether this Court will exercise jurisdiction over these claims, the Court declines to further explore the merits of the claims at this time. However, should Small choose to file a second amended complaint, he should be keenly aware of the basis for which the Defendant moves to dismiss these claims. In any event, Counts I, II, III, IV and V are DISMISSED WITHOUT PREJUDICE.

## **Conclusion**

This Court now ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Report and Recommendation [#59]. Defendant WW Lodging, Inc., d/b/a Quincy Travelodge #162's Motion to Dismiss [#53] is GRANTED to the extent provided above. Plaintiff is given leave to file a second amended complaint that complies with this Order. If Small elects to continue his State law claims in this Court instead of State court, he is admonished as follows:

(1) The second amended complaint MUST be filed within 21 days of this Order. If the second amended complaint is not filed by this deadline, the Court will TERMINATE this case;

(2) The second amended complaint MUST adhere to the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure;

(3) The second amended complaint CANNOT contain any counts that have been dismissed with prejudice by way of this Order; and

(4) The second amended complaint MUST contain facts demonstrating that this Court has jurisdiction over the remaining State law claims.

ENTERED this 16th day of March 2012.

    /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge